## MICHAEL LEVY AND HENRY MAY, RESPONDENTS, *v.* EMANUEL NEWMAN, APPELLANT.

*Sales of lands in Brooklyn in which infants are interested — section 9 of title 8 of chapter 863 of 1873 was not repealed by section 5 of chapter 163 of 1885 — the effect of serving a notice on the infants personally, considered.*

In an action, brought by the plaintiff to compel the defendant to accept a deed of conveyance of certain premises in the city of Brooklyn, and to pay to the plaintiff the purchase-price thereof, pursuant to an agreement theretofore made, it appeared that, on February, 3, 1886, under and in pursuance of chapter 114 of 1883, and the acts amendatory thereof, the registrar of arrears of the city of Brooklyn sold the said premises to one Eisner and delivered to him a certificate of sale of the premises, which Eisner thereafter assigned to one Sampson, who, on May 2, 1887, procured from the registrar of arrears a deed conveying the said premises to him, which was duly recorded in the registrar's office, and that, thereafter, on May 13, 1887, he conveyed the said premises to the plaintiffs by a deed which was also duly recorded.

It was proved on the trial that, at the time of the sale of the premises by the said registrar of arrears, three infants were part owners of the property, and that no guardian had ever been appointed for any of the said infants. The notice of

the sale required by section 5 of chapter 114 of 1883, as amended by chapter 163 of 1885, was served upon the said infants personally.

Upon an appeal from an order compelling the defendant to accept the deed:

*Held,* that the order should be reversed; that section 9 of title 8 of chapter 863 of 1873, amending the charter of the city of Brooklyn, providing that "whenever such registrar shall receive satisfactory information that the land as sold belongs to * * * an infant having no guardian, he shall not execute a conveyance of their lands until at least one month after he shall have legal evidence that such disability has been removed, or a committee or guardian of the estate has been appointed, and until the expiration of said month such committee or guardian may redeem such land in the same manner as hereinbefore provided," was not repealed by section 5 of chapter 163 of 1885, providing that a year's notice of the sale must be given, and that any person having an estate in the lands might redeem during that time.

That, in the absence of a positive law to that effect, a simple service of the notice of the sale required by the act of 1885 upon an infant is not a notice to him, and has no force of itself, but only furnishes jurisdiction to appoint a guardian, and the infant's estate cannot be taken away unless a guardian is appointed.

APPEAL from a judgment entered in Kings county upon the trial of this action by the court, without a jury.

This action was brought to compel the defendant to accept from plaintiffs a deed of conveyance of certain premises situate in the city of Brooklyn, and to pay to the plaintiffs the purchase-price thereof as fixed by a contract for the sale thereof. On February 3, 1886, under and in pursuance of chapter 114 of the Laws of 1883, and the acts amendatory thereof and supplementary thereto, the registrar of arrears of the city of Brooklyn sold the said premises to one David L. Eisner, and delivered to Eisner a certificate of sale of the premises. Eisner thereafter assigned the certificate to one Harry Sampson, who, on May 2, 1887, procured from the registrar of arrears an indenture conveying the premises to Sampson, which indenture or deed was, on May 3, 1887, duly recorded in the registrar's office of Kings county. Sampson thereafter, on May 13, 1887, conveyed the premises to the plaintiffs by a deed, duly recorded in the office of said registrar. At the date of the sale of the premises by the said registrar of arrears, three minors were interested in and part owners of the property sold, for whom no guardian ever had been or was appointed. Under and in pursuance of said chapter 114, an affidavit of the service of the notice of sale of said premises upon the said infants, personally, was duly filed in the office of the said registrar. This action was

tried, and resulted in a judgment in favor of the plaintiffs against the defendant.

*Fernando Solinger*, for the appellant.

*William J. Gaynor*, for the respondent.

BARNARD, P. J.:

By the provisions of the charter of the city of Brooklyn the registrar of arrears can give no deed for lands sold for taxes which belonged to infants when the registrar had "satisfactory information" that the lands belonged to the infant. (Laws of 1873, tit. 8, § 9, chap. 863.) A full month might elapse after the appointment of a guardian. All owners and persons interested in the lands were entitled to personal notice of the sale for at least six months before the deed was given if they were residents of Kings county. In the present case three infants have an interest in the lands and had personal service of the notice of sale, but no guardian had ever been appointed. By section 5 of chapter 163, Laws of 1885, a year's notice of sale must be given, and any person having an estate in the lands may redeem during that time. Under the laws of 1885 no mention is made of the fact of infancy or of the appointment of guardians in such cases, with a definite period to redeem after such appointment.

Two questions are presented by the appeal: First, is the section giving time for an infant to redeem (§ 9), repealed by the arrears law; and, second, is a notice under the arrears act of 1885 complete by a simple service of notice of sale upon the infant? It seems to me no service is complete, made upon an infant in the absence of a positive law to that effect. No such provision is contained in either law. The charter excused the registrar from giving a deed when he is informed of the infancy; but is the service good made upon an infant when the registrar has no information on the subject? Our law is based upon the fact that the service of a paper on an infant is of no force of itself to bind heirs. Such a service furnishes jurisdiction to appoint a guardian, but the infant's estate is not taken away unless a guardian is appointed. The charter is, therefore, more favorable to the plaintiff, if unrepealed, than if the case rested on the arrears law alone. Under the arrears law a year must be given, but the year would be

for such a term after a guardian was appointed, but under the charter only a month after the guardian is appointed is given to redeem. The arrears law of 1885 protects the owner by requiring the notice of sale to be given to the owner; but until an infant can be served so as to be bound, no notice at all is given him, and the result does not depend upon the fact whether the infancy be known or unknown to the registrar. This view of the effect of the service on the infant leads me to the conclusion that the section (9) of the charter in respect to infants is not repealed by the subsequent act, which contains no direct words of repeal. The same minute care is observed in respect to the notice to be given to the owners in both laws, and this section is an aid to the enforcement of the new arrears law as well as in the case under the charter of 1873. At all events, the question is not so plain that a title which depends for its validity upon its correct adjudication can be forced upon the purchaser. The purchase of a doubtful title will not be specifically decreed in equity.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.